IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jim Henry Aikens, # 93973-020, | ) | C/A No.: 1:11-414-HFF-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jim Henry Aikens, proceeding *pro se*, brings this habeas action challenging a Georgia state court conviction pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. Petitioner is a federal inmate at FCI Williamsburg, a facility of the Federal Bureau of Prisons ("BOP") in Salters, South Carolina, and names the warden of FCI Williamsburg as the Respondent. Petitioner's § 2254 petition challenges a Georgia state conviction from Putnam County, Georgia, which is in the territorial jurisdiction of the United States District Court for the Middle District of Georgia. Although Petitioner is currently incarcerated at FCI Williamsburg, which is in the territorial jurisdiction of this court, the proper venue for consideration of Petitioner's challenge to his state court conviction is the district court within which the convicting court lies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 498–99 (1973). Therefore, it is recommended that this § 2254 petition be transferred to the Middle District of Georgia. *See Byrd v. North Carolina*, No. 06-6723, 200 Fed.Appx.

235, 2006 WL 2668872 (4th Cir. 2006) (unpublished) (finding that a § 2254 habeas action should be transferred for improper venue, rather than dismissed).

It is unclear from the § 2254 petition whether or not Petitioner is subject to future custody based on the Georgia state court judgment he is challenging. If Petitioner is subject to such future custody, under Rule 2 of the Rules Governing Section 2254 Cases, "the attorney general of the state where the judgment was entered" should be a respondent. Because the judgment in question was entered in Georgia, it is recommended that the Attorney General of Georgia be added to the docket as a Respondent.

For the foregoing reasons, it is recommended that the district judge transfer this § 2254 habeas action to the United States District Court for the Middle District of Georgia. It is further recommended that the district judge direct that the Attorney General of Georgia be added to the docket as a Respondent.

IT IS SO RECOMMENDED.

May 3, 2011  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**