IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JIM HENRY AIKENS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION: 5:11-CV-482 (CAR) |
| WARDEN of FCI Williamsburg, | : | |
| And Georgia Attorney General, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondents | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## ORDER DISMISSING PETITION

Petitioner Jim Henry Aikens has filed an application for writ of habeas corpus under 28 U.S.C. § 2254 and has been granted leave to proceed *in forma pauperis*. According to his application, Petitioner pled guilty to two counts of possession of a controlled substance "with the intent to distribute" in Putnam County Georgia in August of 2007. He was then sentenced to two concurrent terms of probation. Though he was apparently not imprisoned as a result of his state conviction, Petitioner is now incarcerated at the Williamsburg Federal Correctional Institution in Salters, South Carolina. The present application, however, only challenges Petitioner's August 2007 state conviction.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district courts to promptly examine every application filed and

thereafter enter a summary dismissal if it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." See 28 U.S.C. § 2254 Rule 4; McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").  It is clear from the face of the present application that Petitioner is not entitled to relief in the district court; Petitioner has not exhausted the state remedies available to him.

A state prisoner must "normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."  Picard v. Connor, 404 U.S. 270, 275 (1971) (citing Ex Parte Royall, 117 U.S. 241 (1886)).  This exhaustion requirement is codified in 28 U.S.C. § 2254 (b)-(c) and reflects a policy of comity between state and federal courts.  It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (quoting Fay v.Noia, 372 U.S. 391, 438 (1963)).  The State of Georgia has a stated policy of not waiving the exhaustion requirement, and an exception to the requirement is made in this Court only "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (emphasis added).

In this case, Petitioner plainly states in his application that he has not filed any

direct appeal or state habeas corpus action with respect to the challenged conviction. Thus, because he has adequate remedies still available to him through the Georgia courts, the present application must be **DISMISSED**.  This dismissal is "without prejudice," however.   Thus, once Petitioner has exhausted all avenues available to him in the state courts and thereby afforded the State an opportunity to review his grounds for relief, he may return to federal court, if necessary.

Petitioner may wish to appeal this Order.   A prisoner, however, has no absolute entitlement to appeal a district court's denial of his application for habeas corpus relief. 28 U.S.C. § 2253(c)(1).  Before he may appeal, the district court must first issue a Certificate of Appealability ("COA").  As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Because Petitioner's application plainly states that he has not exhausted his state remedies with respect to the challenged conviction, any application for COA will be **DENIED**.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir.2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  For the same reason, Petitioner will not be permitted to appeal this Order *in forma pauperis*.   An appeal of this Order would not be taken in good faith.

**SO ORDERED**, this 23rd day of December, 2011.

                                          <u>S/   C. Ashley Royal</u>
                                          C. ASHLEY ROYAL, Chief Judge
                                          UNITED STATES DISTRICT COURT

jlr